IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

OTTAWAY CARTER                                                                      PLAINTIFF

v.                                                                            No. 4:07CV79-P-B

CHRISTOPHER EPPS, ET AL.                                                         DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the court on the complaint of Ottaway Carter, who challenges his termination from employment with the Mississippi Department of Corrections in 1983. The plaintiff bases his claims on 42 U.S.C. § 1983. The defendants have moved under FED. R. CIV. P. 12(b)(6) to dismiss the instant case under the doctrine of *res judicata* and the general statute of limitations found in MISS. CODE ANN. § 15-1-49. For the reasons set forth below, the instant case shall be dismissed under the doctrine of *res judicata* and as barred by Mississippi's general statute of limitations.

**Factual Allegations**

This case arises out of the termination of the plaintiff's employment nearly twenty-four years ago and that were fully and finally adjudicated no later than 1998. The plaintiff, Ottaway Carter, filed this action on April 19, 2007, in the Circuit Court of Sunflower County alleging various claims including race discrimination and deprivation of constitutional rights protected under the Fourteenth Amendment to the United States Constitution. The plaintiff's claims arise out of actions regarding his status as a "former employee" with the Mississippi Department of Corrections ("MDOC"). Comp. at ¶ III. 1. The plaintiff claims he was suspended from employment with MDOC due to the fact that he was "charged with commission of a felony outside his employment." Comp. at ¶ III. 4. He alleges further that he attempted to return to

work but was denied reinstatement because he was required to pass a test implemented by MDOC that was not in existence at the time he was initially employed. Comp. at ¶¶ III. 3,4. The plaintiff alleges that because of Defendants' actions he is entitled to back pay and other benefits to which he would have been entitled as an employee.

In his prayer for relief, the plaintiff requested that the Court grant (1) a declaratory judgment that the defendants' actions were improper, arbitrary, and discriminatory; (2) an injunction requiring the plaintiff's reinstatement; (3) entry of a show cause order as to why a judgment should not issue; (4) damages in the amount of $30,000.00 together with costs and attorneys' fees; and (5) any other relief to which he would be entitled. Comp. at ¶¶ V. a) - g). The plaintiff did not mention in his Complaint that he filed an appeal with the Mississippi Employee Appeals Board in 1985 – and that in 1996, he filed a Complaint for Declaratory Relief with the Circuit Court for the First Judicial District of Hinds County, Mississippi – all concerning the same nucleus of operative facts. The Hinds County Circuit Court case was appealed to the Mississippi Supreme Court. *Carter v. State of Mississippi Department of Corrections, et al.,* 722 So.2d 141 (Miss. 1998).

Although the plaintiff in the instant case did not specify dates and other information in his Complaint, these facts are available upon a review of the proceedings and records of the Hinds County Circuit Court and the Mississippi Supreme Court. A court may take "judicial notice of prior proceedings involving the plaintiff." *Jones v. Ivy,* 2007 WL 474944 (N.D. Miss. Feb. 9, 2007). Likewise in *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976) the Court held:

> . . . [W]e [may] take judicial notice of prior . . . proceedings brought by this appellant in connection with the same conviction . . . This includes state petitions

. . . even when the prior state case is not made a part of the record on appeal . . . (citations omitted). Where necessary "[f]or a proper understanding of protracted litigation we may draw upon the records in all the preceding cases." *Moore*, 526 F.2d at 694. Similarly, federal courts can consider public records from other proceeding without the necessity of converting a 12(b)(6) motion to a summary judgment motion. *Davis v. Bayless,* 70 F.3d 367, 372, fn. 3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss.") (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)). The court shall thus take judicial notice of the plaintiff's previous Mississippi state court proceedings involving his termination from employment with the Mississippi Department of Corrections.

The plaintiff was employed by MDOC from approximately 1973 until 1982 when his employment was terminated after being indicted for, and subsequently convicted of, murder. *Carter,* 722 So.2d at 142. The conviction was, however, overturned on appeal and Plaintiff was rehired by MDOC in 1983. Carter was subsequently terminated that same year for failure to meet minimum standards required pursuant to the Law Enforcement Training Act, Miss. Code Ann. §§ 45-6-1, *et seq.* (1993), that was enacted in 1981. As noted in the *Carter* opinion, the plaintiff filed an appeal to the Mississippi Employee Appeals Board, which resolved the appeal adversely to Plaintiff on September 11, 1985. *Carter,* 722 So.2d at 142. On June 17, 1996, the plaintiff filed an action in the Circuit Court of Hinds County, Mississippi. The state circuit court dismissed the action on May 5, 1997, and the Mississippi Supreme Court affirmed – holding the plaintiff's delay of over ten years from the Employee Appeals Board determination in filing his suit, precluded the suit under Mississippi's statute of limitations. *Id.* at 143.

In the state circuit court suit, the plaintiff sued the "State of Mississippi Department of Corrections," the State Personnel Board and its individual members in their official capacities.

In that suit, the plaintiff sought similar damages asking for a declaratory judgment that MDOC should have reinstated him and requesting reimbursement for all lost wages and benefits. Thus, both the 1996 action and this civil action are based on the same occurrences and nucleus of operative facts.

### *Res Judicata* and Collateral Estoppel

All of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory. The doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same

cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id. Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of his 1983 termination from employment with the Mississippi Department of Corrections and any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against the all defendants (who are merely the successors of the defendants from the plaintiff's previous suit) should be dismissed as frivolous. Further, under the doctrine of issue preclusion, these claims must be dismissed as frivolous because valid judgments have been entered against the plaintiff in state court in Mississippi covering these precise issues. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed as frivolous.

**Statute of Limitations**

"Because there is no statute of limitations for 42 U.S.C. § 1983 actions, federal courts must borrow the general personal injury limitations period of the forum state." *Knight v. Calhoun County, Miss.*, 273 F.3d 1104 (5th Cir.2001). The general personal injury limitations period in Mississippi is three years. MISS. CODE ANN. § 15-1-49 (as amended). The final determination by the Employee Appeals Board was on September 11, 1985 (the latest date on which the plaintiff's claim could have accrued). As such, the three-year deadline for filing the

instant action on was September 11, 1988. *Carter,* 722 So.2d at 142. The instant action was filed on April 19, 2007, nearly *nineteen years* after the expiration of the statute of limitations. Accordingly, all the plaintiff's claims are barred by § 15-1-49, and the court shall dismiss this case.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of March, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE